United States District Court
Southern District of Texas
**ENTERED**
September 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHAD WILLIAMS WESEVICH, | § | |
|    Petitioner, | § | |
| | § | |
|    v. | § | CRIM. ACTION NO. 2:22-CR-00327-1 |
| | § | CIVIL ACTION NO. 2:25-CV-00044 |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Chad Williams Wesevich has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (D.E. 203), and Memorandum in Support of § 2255, (D.E. 204).[1] Pending before the Court is the United States of America's (the "Government") Motion for Summary Judgment, (D.E. 226), to which Petitioner did not respond. For the reasons stated herein, the Court **GRANTS** the Government's Motion for Summary Judgment, (D.E. 226), and **DENIES** Petitioner's Section 2255 Motion. (D.E. 203).

### I. Background

In 2018, agents with the Drug Enforcement Administration (DEA) began investigating a drug trafficking organization run by Petitioner and his brother, Jamie Wesevich (J. Wesevich), that was manufacturing and distributing counterfeit pharmaceutical pills containing fentanyl. (D.E. 146, p. 9) (Presentence Report). The counterfeit pills were linked to several overdoses, both fatal and non-fatal. *Id.* at 10. Petitioner and J. Wesevich employed their mother, Ludivinia Wesevich (L. Wesevich), to bag the pills for distribution and help launder their drug money, and they used others as trusted members of a small network to distribute the pills. *Id.* at 9–10. The brothers also used a business they owned, C & J Landscaping, to launder their drug proceeds. *Id.* at 11.

---

[1] Docket entries refer to the criminal case, 2:22-cr-00327-1, *United States of America v. Wesevich.*

On May 3, 2022, agents executed search warrants for five residences and arrest warrants for Petitioner, J. Wesevich, and J. Wesevich's girlfriend, Ashley Castro (Castro). *Id.* at 16. At Petitioner's primary residence, inside a hidden compartment in the master bathroom above the toilet, agents seized: one pill marked "Watson" that contained .56 grams of fentanyl; ten bundles of assorted pills weighing 303.7 grams; 12.92 grams of marijuana; $95,853 cash; a Ruger model 57 pistol; a Smith and Wesson model M&P 40 firearm; and 133 rounds of ammunition. *Id.* at 17. Agents also discovered that, since at least 2019, Petitioner and his brother and mother had attempted to obstruct the investigation and their prosecution through bribery, threats, and facilitating the international flight of co-conspirators. *Id.* at 24–32.

On March 8, 2023, a grand jury in the Southern District of Texas returned a fourteen-count Superseding Indictment against Petitioner, J. Wesevich, and L. Wesevich.  (D.E. 62). Petitioner was charged with: conspiracy to possess with intent to distribute more than 400 grams of fentanyl (Count S-1); two counts of aiding and abetting possession with intent to distribute more than 400 grams of fentanyl (Count S-3 and S-7); two counts of aiding and abetting possession with intent to distribute more than 40 grams of fentanyl (Counts S-4 and S-5); assisting federal fugitive Josefa Vela in order to hinder apprehension (Count S-6); possession of firearms in furtherance of a drug trafficking crime (Count S-8); conspiracy to obstruct justice by preventing Castro and Vela from communicating information of a crime to federal agents (Count S-10); conspiracy to commit money laundering (Count S-11); and money laundering (Count S-12). *Id.* The Superseding Indictment also contained three notices of criminal forfeiture. *Id.*

On August 3, 2023, Petitioner's counsel, with Petitioner's permission, executed a written Memorandum of Plea Agreement, (D.E. 97), and Factual Statement in Support of Plea. (D.E. 98).  In exchange for Petitioner's guilty plea to Counts S-1, S-8, and S-11, the Government agreed to dismiss

the remaining charges against Petitioner and to recommend an initial base offense level of 36 (inclusive of relevant conduct) and that he receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. (D.E. 97, p. 1–2). As part of the plea agreement, Petitioner waived his right to appeal his conviction or sentence or to file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel. *Id.* at 3–4.[2]

At his rearraignment hearing, Petitioner affirmed under oath that he had a copy of the Superseding Indictment and that he understood the nature of the charges, the elements of each offense, the penalty range for each offense, his right to plead not guilty and proceed to trial, and the terms of the written plea agreement, including the waiver of his right to appeal or collaterally attack his conviction or sentence contained in his plea agreement. (D.E. 221, p. 16–25, 35–36). He further testified that he was pleading guilty voluntarily and was not threatened, forced, or promised leniency in exchange for his guilty plea, and that he was pleading guilty because he was guilty. *Id.* at 29. Petitioner affirmed that he had discussed the case with his counsel, including the plea agreement, waiver of post-conviction rights contained therein, and written stipulation of facts. *Id.* at 17–18, 34–35. Finally, he verified that the information contained in the stipulation of facts was true and correct. *Id.* at 51. The Court accepted Petitioner's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. *Id.*

---

[2] The waiver provision read in pertinent part:

> Defendant is [] aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant . . . later collaterally attacks his conviction or sentence[], the United States will assert its rights under this agreement and seek specific performance of these waivers.

*Id.*

The Probation Officer prepared a Presentence Investigation Report (PSR) using the 2023 Sentencing Guidelines Manual. (D.E. 146). At sentencing, the Court adopted the PSR without change. (D.E. 170, p. 1) (Statement of Reasons); (D.E. 181, p. 2–3) (Feb. 7, 2024 Sent. Hrg. Tr.). With a total offense level of 43 and a criminal history category of VI, Petitioner's advisory guideline sentencing range was life imprisonment. *Id.* On February 7, 2024, the Court sentenced Petitioner to 360 months' imprisonment on Count S-1 and 240 months on Count S-11, to run concurrently, and 60 months on Count S-8, to run consecutively, for a total term of 420 months' incarceration. (D.E. 169, p. 3) (Judgment). The Court also sentenced Petitioner to 5 years' supervised release on each count of conviction, to run concurrently. *Id.* Judgment was entered on February 15, 2024. *Id.*

Consistent with the waiver in his plea agreement, Petitioner did not appeal. He filed the present motion under Section 2255 on January 27, 2025. It is timely. *See* 28 U.S.C. § 2255(f)(1).

## II. Petitioner's Allegations

Petitioner asks the Court to vacate his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) (Count S-8) on the following grounds:

1) His guilty plea to Count S-8 was involuntary due to ineffective assistance of counsel;

2) This Court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to determine whether there was a sufficient factual basis for his guilty plea to Count S-8; and

3) He is actually innocent of Count S-8.

(D.E. 203, p. 4–7).

The Government maintains that Petitioner's claims are either waived, procedurally defaulted, not cognizable in a Section 2255 motion, or meritless. *See generally* (D.E. 226).

### III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citation omitted).

### IV. Analysis

#### A. Ground One: Ineffective Assistance of Counsel

In Ground One of his motion, Petitioner alleges that his guilty plea to possession of a firearm in furtherance of a drug trafficking crime in Count S-8 was involuntary due to ineffective assistance of counsel.

##### i. Legal Standard

An ineffective assistance of counsel allegation presented in a Section 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a petitioner must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction or sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. As to the prejudice requirement, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the petitioner fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) (citation omitted) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) (citation omitted) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364–65, (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and citing *Strickland*, 466 U.S. at 686). *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla*, 559 U.S. at 370 (citing *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). "[I]t is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and "[t]he lawyer must actually and substantially assist his client in deciding whether to plead guilty." *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)). "It is his job to provide the accused an understanding of the law in relation to

the facts. The advice he gives need not be perfect, but it must be reasonably competent." *Id.* In this

context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). "The test is

objective; it turns on what a reasonable person in the defendant's shoes would do." *Id.* at 209; *accord*

*Padilla*, 559 U.S. at 372 ("[A] petitioner must convince the court that a decision to reject the plea

bargain would have been rational under the circumstances.") (citation omitted).

### ii. Analysis

Petitioner appears to allege that defense counsel was ineffective prior to Petitioner's guilty

plea by failing to inform him of the elements of possession of a firearm in furtherance of a drug

trafficking crime or that his conduct did not satisfy the elements of the offense, thereby rendering his

guilty plea involuntary. (D.E. 203, p. 4); (D.E. 204, p. 1–2, 13). According to Petitioner, 18 U.S.C. §

924(c)(1)(A)(i) requires the firearm to be used in furtherance of a drug trafficking offense; however,

once the bulk currency found with the firearms was laundered through Petitioner's landscaping

business, "the money was no longer 'drug proceeds', it was then proceeds of the money laundering."

(D.E. 204, p. 11).

During the plea colloquy at rearraignment, the Court informed Petitioner of the elements and

penalty range for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C.

§ 924(c)(1)(A)(i) as follows:

> Possession of a firearm in furtherance of a drug trafficking crime is based on 18 U.S.C.
> 924(c)(1)(A)(I) [sic]. The elements that the Government would have to prove beyond
> a reasonable doubt to find you guilty for this offense would be, one, that the defendant
> committed a drug trafficking crime as alleged in Count 1 of the superseding
> indictment; and two, that the defendant knowingly possessed a firearm in furtherance
> of the defendant's commission of a crime alleged in Count 1.

> The penalties as it relates to Count 8 . . . is not less than five years imprisonment or a

> fine not to exceed $250,000, or both; not less than five years supervised release, or
> both; and $100 special assessment consecutive to any other count or conviction.

(D.E. 221, p. 24).

Petitioner stated that he understood. *Id.* at 25. Thus, even if his counsel failed to adequately explain the nature and elements of the section 924(c)(1)(A)(i) charge—a scenario that is not supported by the record and this Court does not decide—there can be no prejudice because the Court advised Petitioner of these matters before his guilty plea.

Moreover, counsel was not ineffective for failing to advise Petitioner that his conduct did not satisfy the elements of section 924(c)(1)(A)(i) because there was a sufficient factual basis to support Petitioner's guilt. The Government recited the factual basis for Petitioner's guilty plea to Count S-8 as follows:

> In Chad Wesevich's residence, cash, pills, firearms, and ammunition were all bound together in a hidden compartment drawer-type thing in the wall above the master bathroom toilet.

> Based on the proximity of the firearms and ammunition to both the bulk currency and counterfeit pills, agents believe that both Chad and Jamie Wesevich possessed the firearms in furtherance of drug trafficking to protect both their inventory of counterfeit pills and their cash drug proceeds from theft.

*Id.* at 48.

Petitioner agreed with the factual basis, stating it was true and correct. *Id.* at 49–51. He also agreed in the Factual Statement in Support of Plea that: (1) the Government could prove each element of the section 924(c)(1)(A)(i) offense; (2) a witness saw Petitioner with 5-gallon buckets of pills at his residence, where the firearms were recovered; (3) the firearms and 133 rounds of ammunition were recovered in Petitioner's master bathroom with $95,853, 10 bundles of counterfeit benzodiazepine pills, marijuana, and one pill containing fentanyl; and (4) "Based upon the proximity of the firearms and ammunition to the bulk currency and counterfeit pills, agents believe that C.

Wesevich possessed the firearms in furtherance of drug trafficking to protect both his inventory of counterfeit pills and his bulk cash proceeds from the sale of the counterfeit pills . . . ." (D.E. 98, p. 1, 3, 13, 18). The fact that Petitioner laundered the drug proceeds through his landscaping company did not change their character as drug proceeds or otherwise render them "clean."

Petitioner's sworn statements in open court that: he understood the nature of the section 924(c)(1)(A)(i) charge and the elements of the offense, the Government could prove each element of the offense, and he was pleading guilty to Count S-8 because he was in fact guilty of the offense, are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) (collecting cases). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

Petitioner's plea agreement, factual stipulation, and sworn statements at rearraignment preclude the relief he seeks here. The evidence before the Court supports the finding that counsel was not ineffective and that Petitioner's guilty plea was knowing and voluntary. Accordingly, the Court **DENIES** his claim in Ground One.

### B. Grounds Two and Three: Count S-8

In Ground Two of his motion, Petitioner claims that the Court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to determine whether there was a sufficient factual basis for his guilty plea to the section 924(c)(1)(A)(i) offense in Count S-8. Petitioner similarly argues in Ground Three that he is actually innocent of Count S-8.

Petitioner waived his right to file a Section 2255 motion by his plea agreement, except to raise a claim of ineffective assistance of counsel. "As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). If the plea and waiver were knowing and voluntary, and the waiver clearly covers Section 2255 motions, the waiver can be enforced. *White*, 307 F.3d. at 343–44. The Government seeks specific performance of the waiver in Petitioner's plea agreement. (D.E. 226, p. 21–22).

The Court questioned Petitioner about the plea agreement at rearraignment, including the waiver of his right to file a Section 2255 motion. (D.E. 221, p. 29–32). Petitioner testified that he read and discussed his plea agreement with his counsel before he authorized counsel to sign it and that he understood it. *Id.* at 33–36. He further testified that he was aware of the waiver, had discussed the waiver with counsel, and understood it. *Id.* at 35–36.

The burden to demonstrate that his waiver should not be enforced is on Petitioner. He does not now argue that the waiver was involuntary or was made unknowingly. Moreover, as set forth *supra*, his sworn statements in open court that he understood the plea agreement and waiver are entitled to a strong presumption of truthfulness. *Lampaziane*, 251 F.3d at 524; *Cothran*, 302 F.3d at 283–84. Petitioner's signed, unambiguous plea agreement is also accorded great evidentiary weight. *See Bonvillan*, 780 F.2d at 1252.

The evidence before the Court supports a finding that Petitioner's waiver of collateral review was made knowingly and voluntarily. Accordingly, the waiver is enforceable. The Court therefore **DENIES** Petitioner's claims in Grounds Two and Three as barred by that waiver.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (first quoting *Moore v. Johnson*, 225 F.3d 495, 500 (5th Cir. 2000), and then citing *Slack*, 529 U.S. at 483). As to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Petitioner is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's Motion for Summary Judgment, (D.E. 226); **DENIES** Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (D.E. 203); and **DENIES** Petitioner a Certificate of Appealability.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
    September 2, 2025